NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 95

No. 2016-047

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windham Unit, |
| | Criminal Division |
| | |
| Kai A. Freeman | April Term, 2017 |

John P. Wesley, J.

David W. Gartenstein, Windham County Deputy State's Attorney, Brattleboro, for
 Plaintiff-Appellee.

Allison N. Fulcher of Martin & Associates, Barre, for Defendant-Appellant.


PRESENT: Reiber, C.J., Skoglund, Robinson and Eaton, JJ., and Dooley, J. (Ret.),
         Specially Assigned


¶ 1.    **DOOLEY, J. (Ret.), Specially Assigned.**  Defendant Kai Freeman appeals a jury verdict convicting him of ten separate charges.  He argues on appeal that the trial court erred when it declined to sever the offenses charged against him.  He also argues that the State did not present sufficient evidence upon which the jury could reasonably find him guilty of two of the charged offenses.  We affirm.[1]

---

[1]  In his reply brief, defendant asked this Court to strike portions of the State's statement of facts because defendant claimed that the statements were actually legal arguments rather than evidence admitted at trial.  Defendant did not file a formal motion to strike related to this request. In response, the State filed a memorandum in opposition to defendant's request to strike. Defendant then filed a motion to strike a footnote in the State's memorandum, arguing that the footnote was a reply to a legal argument in defendant's reply brief that was unrelated to defendant's

¶ 2.     Defendant was charged with eleven offenses.  The first five of these involved alleged offenses against thirteen-year-old A.H., including one count of sexual assault against a person under sixteen in violation of 13 V.S.A. § 3252(c); one count of repeated sexual assault as part of a common scheme or plan under 13 V.S.A. § 3253(a)(9); one count of lewd and lascivious conduct with a child in violation of 13 V.S.A. § 2602; one count of knowingly soliciting, luring, or enticing, or attempting to solicit, lure, or entice a child under 13 V.S.A. § 2828(a); and one count of contributing to the delinquency of a minor in violation of 13 V.S.A. § 1301.  Each of these charges arose from an alleged series of incidents wherein defendant gave A.H. marijuana in exchange for oral sex or attempted to solicit A.H. to perform oral sex in exchange for marijuana.

¶ 3.     Counts six and seven involved alleged offenses against thirteen-year-old K.S. These counts included one charge of sexual assault of a person under the age of sixteen in violation of 13 V.S.A. § 3252(c) and one charge of contributing to the delinquency of a minor in violation of 13 V.S.A. § 1301.  As with the charges involving victim A.H., each of these arose from an alleged incident wherein defendant gave K.S. marijuana in exchange for oral sex.

¶ 4.     Counts eight and nine arose from alleged offenses involving sixteen-year-old A.M. The first of these charged defendant with sexual assault in violation of 13 V.S.A. § 3252(a)(1), which provides that "[n]o person shall engage in a sexual act with another person and compel the

_____

request to strike.  To the extent that defendant's reply brief can be read as a motion to strike parts of the State's brief, that motion is denied.  The statements that defendant requests stricken represent the State's perspective on the facts; such advocacy is permitted.  Regarding defendant's formal motion to strike a footnote in the State's memorandum that addresses whether defendant preserved the argument he is making on appeal, as we explain in note 3, infra, we reach the merits of defendant's argument in the text.  Accordingly, the issue of preservation is now moot, and we do not decide defendant's motion.

While this appeal was pending, defendant also filed a pro se motion requesting new counsel and arguing that his current assigned counsel failed to communicate regarding the status of his case.  Defendant's motion is denied.  Counsel fully briefed and argued this appeal.  With this decision, which we are sending directly to defendant because it addresses defendant's pro se motion, counsel's obligations have ended.

other person to participate in a sexual act . . . without the consent of the other person . . . ." The second charged defendant with engaging in assignation in violation of 13 V.S.A. § 2632(a)(8).

¶ 5. Counts ten and eleven both alleged that defendant knowingly attempted to solicit, lure, or entice a child to engage in a sexual act in violation of 13 V.S.A. § 2828(a). The first of these charges involved fourteen-year-old A.L., while the second involved fourteen-year-old S.B. In each case, the State alleged that defendant attempted to trade marijuana for oral sex with the victim.

¶ 6. The alleged incidents involving victim A.M. occurred in the spring of 2013, during the same time period K.S. met defendant through A.M. The alleged incidents involving A.H., K.S., A.L., and S.B. occurred in the summer and fall of 2013. Each of the victims resided in the same town, and except for A.M., all attended the same middle school. A.H. and K.S. both had long friendships with A.M.; A.H., K.S., A.L., and S.B. were also part of the same friend group.

¶ 7. Following a jury trial, defendant was convicted of ten of these charges—including each charge involving victims A.H., K.S., A.L., and S.B. Defendant was also convicted of count nine, engaging in assignation. The jury did not convict defendant of nonconsensual sexual assault of A.M. This appeal followed.

¶ 8. Defendant raises two arguments on appeal. First, defendant argues that the trial court erred when it declined to sever offenses pertaining to A.M. from those related to other victims. Defendant also argues that the State failed to present sufficient evidence to enable the jury to find defendant guilty of two offenses pertaining to victim A.H. We address each of these arguments in turn.

¶ 9. The severance issue involves two rules of criminal procedure, V.R.Cr.P. 8 and V.R.Cr.P. 14. These rules establish the standards for joinder and severance of counts, each of which alleges an offense. Rule 8 provides that offenses may be joined in a single charging document if the offenses "(1) are of the same or similar character, even if not part of a single

scheme or plan; or (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." V.R.Cr.P. 8(a). Rule 14 provides a defendant with a right of severance upon a motion by prosecution or defense if offenses are joined simply because they have "the same or similar character" under Rule 8(a)(1). V.R.Cr.P. 14(b)(1)(A). The same right of severance does not obtain when offenses are joined for other reasons, such as because they constitute "parts of a single scheme or plan" under Rule 8(a)(2). In that instance, in order to successfully pursue a motion to sever, a defendant bears the burden of showing that severance is either appropriate, if a motion for severance is filed pretrial, or necessary, if a motion for severance is filed midtrial, to a "fair determination of the defendant's guilt or innocence of each offense." V.R.Cr.P. 14(b)(1)(B).

¶ 10.    Defendant moved before the start of trial to sever offenses pertaining to each of the separate victims, arguing that the offenses were joined simply because they were "of the same or similar character" under Rule 8(a)(1) and, in the alternative, that severance was "appropriate to promote a fair determination of the defendant's guilt or innocence" under Rule 14(b)(1)(B)(i). As to this latter claim, defendant argued that joining the charged offenses could lead the jury to conflate the evidence against him and, if persuaded on some charges, be more likely to convict on all charges. The trial court denied defendant's motion in a written order concluding that the charged offenses were joined pursuant to Rule 8(a)(2) because they were connected by a single scheme or plan, and that defendant had not met his burden under Rule 14(b)(1)(B) to show that severance was either necessary or appropriate to avoid prejudice. Defendant renewed his motion to sever immediately prior to trial and then again in his post-conviction motion for a new trial. The trial court denied both of these renewed severance arguments.

¶ 11.    Defendant has narrowed his severance argument for purposes of appeal. He now argues that offenses pertaining to victim A.M. should have been severed because joining these offenses with those regarding other victims required him to present two distinct and inconsistent

4

defenses at trial. Defendant argues that because A.M. had reached the age of consent, sixteen, at the time of the offenses involving her, he conceded below that he had exchanged marijuana for sex with her, but maintained that she had consented to such exchanges. In contrast, defendant maintained below that the acts alleged to have occurred between him and all other alleged victims, each of whom was below the age of consent at the time of the claimed offenses, had not occurred. The result, he claims, is that joinder of all the charges led to prejudice because his admission to a marijuana-for-sex exchange with A.M. increased the likelihood that the jury would find that similar exchanges occurred between defendant and the other victims.

¶ 12.    In effect, defendant has abandoned his claim that the acts were not parts of a single scheme or plan.[2] Thus, his argument here is that the trial court should have granted severance under Rule 14(b)(1)(B)(i) in order to "promote a fair determination of the defendant's guilt or innocence." A trial court's ruling on a motion for severance under V.R.Cr.P. 14(b)(1)(B) is discretionary. State v. LaBounty, 168 Vt. 129, 135, 716 A.2d 1, 6 (1998).[3]

---

[2] While we have not analyzed it in depth in the text, we find no error in the trial court's determination that this case involves a single scheme or plan so that defendant was not entitled to severance of the A.M. counts from the remainder as a matter of right. The offenses joined in this case bear every hallmark of a "single scheme or plan" under V.R.Cr.P. 8(a)(2). The victims are of a similar age, between the ages of thirteen and sixteen, and several of the victims were involved in the same incidents, whether as witnesses or victims. For example, S.B. and A.L. each testified that they witnessed victim A.H. performing oral sex on defendant. The victims are also connected within the same peer group, and defendant met most of the victims through other victims. Victims A.H. and K.S. testified that they met defendant through A.M., and victim S.B. told police that she met defendant through A.H. The offenses are likewise similar; they share a common pattern in which defendant either picked up or met victims in his car and offered marijuana in exchange for a sexual act. Finally, each of the victims was aware of defendant's offenses against the other victims. As the trial court concluded: "Defendant only had to reference generally his exchange with a prior victim in order for others to know what he wanted."

We have decided a number of cases involving a single scheme or plan to commit sexual abuse. See State v. Willis, 2006 VT 128, 181 Vt. 170, 915 A.2d 208; State v. LaBounty, 168 Vt. 129, 716 A.2d 1 (1998); State v. Johnson, 158 Vt. 344, 612 A.2d 1114 (1992). If anything, this case involves a more clear and definite example of a single scheme or plan than our precedents.

[3] In order to prevail on appeal, defendant was required to renew his motion to sever at the close of the evidence. V.R.Cr.P. 14(b)(4)(C) ("If a defendant's pretrial motion for severance was

¶ 13.    In order to show that severance was appropriate, a defendant must demonstrate that prejudice will occur if the offenses are joined.  It is not enough for a defendant to suggest that prejudice may arise; rather a defendant must present " 'substantial evidence of prejudice' " to support his or her argument for severance.  State v. Willis, 2006 VT 128, ¶ 33, 181 Vt. 170, 915 A.2d 208 (quoting State v. Venman, 151 Vt. 561, 567, 564 A.2d 574, 579 (1989)).  As we have previously recognized, prejudice may arise from at least three bases:

> (1) a defendant's fear of testifying on his own behalf on one count because of the effect of such testimony on the other count; (2) the danger that proof of one count will have prejudicial effect on the other count as inadmissible evidence of another crime; and (3) the danger that the jury will cumulate the evidence of separate offenses against the defendant and conclude that he is a "bad [person]."

Id. ¶ 32 (citing Reporter's Notes, V.R.Cr.P. 14).  In essence, defendant relies on the second basis, arguing that proof with respect to A.M. will include evidence otherwise inadmissible with respect to the other alleged victims.  Thus, he posits two trials—one involving only A.M., with no evidence with respect to the other alleged victims, and one involving the other alleged victims, with no evidence with respect to A.M.  He argues that under Vermont Rule of Evidence 404(b) evidence with respect to A.M. would be inadmissible.  The trial court rejected this argument because it

---

overruled, that defendant may renew the motion on the same grounds before or at the close of all the evidence.  Severance is waived by failure to renew the motion."); see also State v. Venman, 151 Vt. 561, 566, 564 A.2d 574, 578 (1989) ("The requirement of [Rule 14] that the motion for severance be renewed at the close of the evidence was placed in the rule to allow the court to make this discretionary determination when the relevant facts are known.").

In its decision on the motion for a new trial, the trial court stated that defendant did renew the motion as required.  We have examined the transcript and can find no renewal of the motion following the close of the evidence.  However, we have previously reviewed an unpreserved severance argument under a plain error standard.  Willis, 2006 VT 128, ¶ 25.  Under this standard, we will find reversible error only where to do otherwise would "result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights."  State v. Pelican, 160 Vt. 536, 538, 632 A.2d 24, 26 (1993) (quotation omitted).  Because we find no error, even if the motion renewal had occurred, we have not applied the plain error standard in the body of the opinion.  We stress, however, that defendant would have to show that the joinder errors he alleges meet the plain error standard to prevail.

6

found that even in a separate trial involving the other alleged victims, the evidence with respect to A.M. would have been admissible.

¶ 14. The validity of this argument turns foremost on the scope of V.R.E. 404(b), which provides generally that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." It goes on to state, however, that such evidence may be admissible for other purposes such as to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. The trial court ruled that the evidence with respect to A.M. would fall within the exception, not the general rule, in a separate trial involving the other alleged victims.

¶ 15. Defendant's argument is largely defeated by his failure to contest on appeal the trial court's ruling that there was no right to severance because the State had demonstrated a single scheme or plan. We have held generally that evidence of bad acts done pursuant to a plan or scheme are admissible under Rule 404(b). See Willis, 2006 VT 128, ¶ 39; LaBounty, 168 Vt. at 135, 716 A.2d at 6; State v. Johnson, 158 Vt. 344, 352, 612 A.2d 1114, 1118-19 (1992). As we explained in note 1, supra, there was a strong showing of a single scheme or plan here, and the acts described by A.M. were part of that scheme or plan.

¶ 16. Although defendant has not contested the ruling that the presence of a single scheme or plan defeats his claim of severance as a matter of right, he contests the Rule 404(b) ruling because the incidents involving A.M. and those involving the rest of the alleged victims were not close in time. See State v. Winter, 162 Vt. 388, 396, 648 A.2d 624, 629 (1994) ("[T]emporal proximity is a prerequisite to admission [under V.R.E. 404(b)] in plan or scheme cases"). The evidence showed that the first acts involving A.M. occurred in the spring, and the acts involving the remaining alleged victims occurred in the summer and fall. The evidence also showed that the timing was largely controlled by opportunity as defendant made contacts in the circle of friends and exploited them in his modus operandi of exchanging marijuana for sex as the

7

opportunity arose. Contrary to defendant's argument, this issue is controlled by State v. LaBounty, wherein incidents were separated by four to nine months based on opportunity. 168 Vt. at 134, 716 A.2d at 5; see also Willis, 2006 VT 128, ¶ 31. The applicability of the exception to Rule 404(b) is not undermined by the timing in this case.

¶ 17. We emphasize that in ruling that the evidence of the acts involving A.M. would be admissible in a separate trial involving only the other alleged victims, we do not find the age difference between A.M. and the others to be a significant factor in whether there was a single scheme or plan. There is nothing in the evidence to show that defendant's conduct was different depending upon the age of his victim. Age of a victim may have been relevant to the possibility of prejudice, as defendant argues, but it is not relevant to whether Rule 404(b) prevents admission of A.M.'s evidence. Probably for this reason, defendant has shifted his argument on appeal to rely upon V.R.E. 403 and argue under it that the A.M. evidence would not be admissible in a separate trial because its probative value would be substantially outweighed by its prejudicial effect. See V.R.E. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."). As the State points out in response, defendant did not make this argument below, although he did argue that A.M.'s evidence was so prejudicial that severance was required.

¶ 18. The trial court addressed the overall prejudice argument in the context presented at trial, although not in the exact context raised by defendant on appeal. Under the circumstances, the trial court addressed it sufficiently. We note that Rule 403 decisions are highly discretionary. State v. Prue, 2016 VT 98, ¶ 50, __ Vt. __, 153 A.3d 551. They will be overturned only if the exercise of discretion was "clearly untenable or [on] unreasonable grounds." Id. (quotation omitted). To find for defendant, we would have to find that the trial court was required under Rule 403 to exclude the A.M. evidence as a matter of law in a separate trial involving the other alleged victims.

8

¶ 19. The evidence with respect to A.M. was probative because it established how the overall scheme or plan was formed and defined and how the young women were selected, solicited, and approached. The State's case was strong, with all the alleged victims testifying consistently. As the trial court emphasized, the fact that the jury acquitted defendant of sexual assault showed the jury was able to differentiate the counts with respect to A.M. from those with respect to the other alleged victims. See Johnson, 158 Vt. at 353, 612 A.2d at 1119. We conclude that defendant has not shown that the trial court would have been required to grant a motion under Rule 403 to exclude the A.M. evidence.

¶ 20. We turn now to defendant's argument that the State did not present sufficient evidence to enable the jury to find him guilty of offenses involving A.H. Resolution of a motion for judgment of acquittal turns on "whether the prosecution has introduced evidence fairly and reasonably tending to show the defendant's guilt" such that "the jury on that evidence would be justified in finding guilt beyond a reasonable doubt." State v. Poirier, 142 Vt. 595, 599, 458 A.2d 1109, 1111 (1983) (quotation omitted). Our standard of review "is whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Delisle, 162 Vt. 293, 307, 648 A.2d 632, 641 (1994) (quotation and alteration omitted).

¶ 21. Defendant challenges the sufficiency of the evidence regarding counts two and four, two of the five charges that involve offenses involving A.H. Count two alleged aggravated sexual assault, or more specifically that defendant "subjected [A.H.] to repeated nonconsensual sexual acts as part of [his] common scheme and plan" in violation of 13 V.S.A. § 3253(a)(9). Count four alleged luring in violation of 13 V.S.A. § 2828(a), which provides that "[n]o person shall knowingly solicit, lure, or entice, or attempt to solicit, lure, or entice, a child under the age of 16 . . . to engage in a sexual act." The trial court concluded that the State had presented ample

9

evidence upon which the jury could reasonably find defendant guilty, including both trial testimony and exhibits. We agree.

¶ 22. Regarding count two, the jury had to find that defendant engaged in repeated nonconsensual sexual acts with A.H. when she was under sixteen years of age and that these repeated acts were part of defendant's common scheme and plan. The jury could have reasonably concluded on the basis of victim and witness testimony that each of these elements was met. A.H. testified that defendant engaged in three sexual acts with her. She also testified that at the time of each of these acts, she was less than sixteen and, as the trial court instructed the jury, the State did not need to prove that the sexual acts between A.H. and defendant were nonconsensual because A.H. was below the age of consent. Witnesses A.L., S.B., and K.S. testified that they were present during these sexual acts.

¶ 23. Finally, as the trial court explained, the State was required to prove "that [d]efendant acted with a goal and a plan to engage in sexual acts with A.H., that this plan continued throughout the time period alleged, and that the repeated sexual acts engaged in with A.H. were all part of that common plan and scheme." Again, the State presented ample victim and witness testimony from which the jury could reasonably conclude that defendant had a common scheme or plan involving all the alleged victims and engaged in repeated sexual acts with A.H., each of which followed a similar pattern. A.H. testified that each act began with a series of texts arranging to exchange a sexual act for marijuana. Defendant then either picked up A.H. in his car or met her somewhere. And in each case, A.H. testified that she subsequently performed oral sex on defendant in the front seat of his car and, in return, received an eighth of an ounce of marijuana. This pattern was likewise recited in the testimony of A.L., S.B., and K.S., each of whom was present during one of the times that A.H. performed a sexual act on defendant. As the trial court concluded, there was ample evidence presented from which the jury could draw a reasonable conclusion that the elements of count two were met. Defendant's argument fails as to this count.

10

¶ 24. Regarding count four, the jury had to find that defendant knowingly solicited, lured, or enticed—or attempted to solicit, lure, or entice—A.H. for the purpose of engaging in a sexual act with her. In this case, A.H. testified that following the third sexual act between the two, defendant asked her to again perform oral sex on him in exchange for marijuana. "It is the undisputed rule that the trier of the facts—the jury in this case—was the sole judge of the credibility of the witnesses and the weight to be given their testimony." State v. Fairbanks, 123 Vt. 298, 300, 187 A.2d 335, 336 (1963). Furthermore, a defendant "faces a heavy burden in arguing on appeal that we should overturn the jury's unanimous verdict." State v. Godfrey, 2010 VT 29, ¶ 13, 187 Vt. 495, 996 A.2d 237.

¶ 25. Defendant argues that defendant did not lure or solicit A.H because she lured or solicited him. Even if we assume that the distinction that defendant asserts relieves him of criminal liability, it does not fit the facts of this case where defendant concocted and executed a scheme to accomplish exactly what occurred—that the victims would trade sex for marijuana. Because the evidence establishes a basis upon which the jury could reasonably convict on count four, and because credibility determinations are entrusted to the jury, defendant's argument fails here as well.

Affirmed.

FOR THE COURT:

_____
Associate Justice (Ret.), Specially Assigned

11